IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Civil Action No. **12-cv-705-JLK**

**Venetta Flores Zavala,**
    Plaintiff

v.

**The Prowers County Sheriff's Office;**
**The Prowers County Board of County Commissioners; and**
**Roger Reece Spady,**
    Defendants.

## ORDER ON MOTION TO DISMISS

Kane, J.

    Defendants Prowers County Sheriff's Office ("Sheriff's Office") and Prowers County Board of County Commissioners (the "Board") move to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 21.) Although the viability of Plaintiff's claims against the Board is in some doubt given the conclusory nature of her allegations under *Iqbal* and *Twombley* pleading standards, there are sufficiently well-plead allegations against Defendant Spady (and any individual officer or entity charged with his hiring and supervision) to warrant proceeding immediately. The motion to dismiss (Doc. 21) is DENIED WITHOUT PREJUDICE to renew based on the Second Amended Complaint I am ordering to be filed.

    The nature of the repeated incidents of rape and assault that Plaintiff claims occurred over a period of time at the Prowers County jail renders it unlikely that any entity responsible for Spady's hiring, training, and supervision will be dismissed as a matter of law without first affording Plaintiff an opportunity for discovery. In addition, based on the facts alleged that additional defendants – in particular the Sheriff's Office officials alleged to have acknowledged

Spady's history or propensity for the misconduct alleged -- may and should be named as Defendants.

Plaintiff's Complaint is not a model of clarity. The claims against the municipal entities overlap and should be stated separately with an eye to their different organizational and oversight roles vis-à-vis the jail. *See Sisneros v. County of Pueblo*, 2010 WL 1782017, *3 (D. Colo. May 3, 2010), *aff'd*, 466 Fed. Appx. 755 (10th Cir. 2012). Plaintiff must clarify her theories of relief separately against each in light of *Sisneros* and *Monell v. Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 E.Ed.2d 611 (1978). Moreover, Plaintiff's First Amendment claim is better viewed as a retaliation claim, as Plaintiff suggests her mail was withheld as result of her efforts to expose her alleged plight. Finally, I am unlikely to entertain Plaintiff's Third Claim for Relief as a separate cause of action, because a substantive due process claim cannot be maintained where the allegedly unconstitutional conduct is encompassed by a more specific, enumerated constitutional right. *See Bateman v. City of W. Bountiful*, 80 F.3d 704 (10th Cir. 1996). Here, Plaintiff's failure to protect claim falls squarely under the Eighth Amendment's prohibition against cruel and unusual punishment. *See Rider v. Werholtz*, 548 F. Supp.2d 1188 (D. Kan. 2008)(dismissing prisoner's Fourteenth Amendment substantive due process claim of failure to protect because Eighth Amendment provided "explicit textual source of constitutional protection"). Accordingly, Claim III of the Complaint, if Plaintiff continues to pursue it as pled, will be dismissed on the merits.

Based on the foregoing, the Plaintiff is ORDERED to file a Second Amended Complaint on or before January 18, 2013. The Defendants named and served in the Second Amended Complaint may answer or otherwise plead within the time provided by law. Counsel are advised that I have a four-month long death penalty trial currently set to commence on March 4, 2013,

which will take up a considerable amount of my time and energy after that date. If the parties desire a referral to a magistrate judge for an early neutral evaluation, they should request one.

DATED: December 18, 2012                    BY THE COURT:

**/s/John L.Kane**

U.S. SENIOR DISTRICT JUDGE